UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID DILLIER, | ) | |
| Petitioner, | ) | 2:07-cv-1270-RCJ-RJJ |
| vs. | ) | **ORDER** |
| CLARK COUNTY DETENTION CENTER, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by David Dillier, an inmate at the Clark County Detention Center.

Petitioner has submitted his petition, supplements to the petition, and several motions to this Court. Based on a review of the petition and all of petitioner's filings, it is clear that the criminal proceedings that petitioner wishes to challenge are still pending in the state courts. Indeed, it appears that petitioner has not yet been convicted of the charges against him, and that he seeks to challenge pretrial proceedings by way of this federal habeas petition.

1        Exhaustion of state remedies is a prerequisite to a federal court's consideration of claims presented in a petition for a writ of habeas corpus. 28 U.S.C. §2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a ground for relief, a petitioner must fairly present that ground for relief to the State's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)(per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

        The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

        None of the grounds presented in this petition has been exhausted in state court. Those matters are still proceeding in state court. It is appropriate that the state court have the opportunity to address and resolve any errors that may have occurred in the state court proceedings.

1  Because petitioner has not exhausted his claims in state court, his petition must be dismissed
2  pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts
3  and 28 U.S.C. § 2254(b).
4      **IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus in this
5  case is **DISMISSED WITHOUT PREJUDICE**.
6      **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT**
7  accordingly.
8      **IT IS FURTHER ORDERED** that all pending motions (Docket #2, 8, 9, 10, and 11)
9  are **DENIED.**
10      DATED this 20th day of February, 2008.

    _____
    UNITED STATES DISTRICT JUDGE

25  (ec-p1)
26

3